No. 20,472.

GEORGE W. DASHIELL, as Trustee, etc., *Appellee*, v. W. L. McGUIRE, *Appellant*.

### SYLLABUS BY THE COURT.

PETITION — *Amendment — Allegations of Original Petition Made Part Thereof*. Where an amended petition is filed which recites that all the allegations of the original petition are made a part thereof, no error is committed in overruling a demurrer to the amended pleading if the facts stated in either or both of them are sufficient to constitute a cause of action.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed May 6, 1916. Affirmed.

*J. H. Jenson*, of Topeka, for the appellant.

*W. S. McClintock, A. L. Quant*, and *Edwin A. Krauthoff*, all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: A petition alleged the execution by the defendant of a promissory note payable to the plaintiff, and asked judgment for the amount. A demurrer to this pleading was sustained, obviously on the ground that it failed to allege nonpayment. Leave to amend was given and the plaintiff filed an amended petition reciting that he adopted and made a part thereof all the allegations of the original petition, "the same as though set out in this amended petition in full," and adding that the note was wholly unpaid. Facts were also stated showing the suspension of the statute of limitations, which otherwise would have run between the filing of the original petition and its amendment. A demurrer to the amended petition was overruled and the defendant appealed. The plaintiff moves to dis-

miss the appeal on the ground that it presents no question that is involved in substantial doubt.

An oral argument on the motion developed these facts: The defendant concedes that if the allegations of the original petition are regarded as incorporated into the amended pleading a cause of action is stated, but he maintains that the attempt so to incorporate them by reference is ineffective, and that the new petition is demurrable because it does not in itself allege the execution or contents of the note. The defendant has filed a brief in support of his position. The sole claim of error is based upon the contention stated. The question involved is simply one of practice, upon which the parties have now been heard orally and in writing. No good purpose would be served by any further or more formal submission on the merits and the case will be finally disposed of at this time.

The practice of adopting by reference allegations set out in another count of the same pleading is general (39 Cent. Dig., Pleading, § 118), and is permitted even in criminal cases (22 Cyc. 366). No material error can be committed in permitting a party by this method to incorporate into his pleading, without actually repeating it at length, matter contained in any of the papers on file in the case, for his version of the facts is thereby exhibited with clearness and precision to which repetition could add nothing. An amended petition must itself disclose all the facts upon which the plaintiff relies, but it may do this by the means here employed. The scope of the rule is shown by the words italicized in the statement of it:

"It is a well-settled rule that the original complaint is superseded and its effect as a pleading is destroyed by the filing of an amended complaint which is complete in itself *and does not refer to or adopt the original as a part of it.*" (3 Enc. L. & P. 793.)

Where the amended pleading does refer to and adopt the original as a part of it, both must be considered upon a demurrer if any effect is given to such reference and adoption. The practice in the matter is thus indicated:

"Although looked upon with disfavor by the courts, the practice prevails quite generally of making amendments by reference to and adoption of specified portions of previous pleadings, and by adding thereto new averments so as to constitute another and separate pleading. . . . A pleading may be incorporated in an amendment by reference even though it has been stricken from the files." (31 Cyc. 389.)

If in a particular instance the device of adopting by reference the allegations of another document should be carried so far as to result in practical inconvenience, the trial court might properly require a full transcript to be made upon a single paper. And if for any reason a trial court should make such a requirement it would of course be the duty of a party to comply with it. But if the court before which a case is pending permits allegations elsewhere set out in full to be adopted in a pleading by reference, no possible prejudice to the legal rights of any one can result, and the ruling can not be a just ground of reversal.

The judgment is affirmed.